IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| **WARREN E. HALLE**<br>2900 Linden Lane<br>Suite 300<br>Silver Spring, Maryland 20910<br>Montgomery County<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**QUANTOK ASSOCIATION, INC.**<br>c/o Ocean Blue Management<br>35 East 21st Street, 5th Floor<br>New York, New York 10010<br><br>**ANDREY BOKAREV**<br>c/o Ocean Blue Management<br>35 East 21st Street, 5th Floor<br>New York, New York 10010<br><br>**FIRST AMERICAN TITLE<br>　INSURANCE COMPANY**<br>401 E. Pratt St., Suite 800<br>Baltimore, Maryland 21202<br><br>　　　　Defendants. | Case No. |

## COMPLAINT

Plaintiff Warren E. Halle by his undersigned attorneys, sues Defendants Quantok Association, Inc., Andrey Bokarev, and First American Title Insurance Company, stating as follows:

### PARTIES

1. Plaintiff Warren E. Halle ("Halle") is a resident of the State of Maryland, and regularly does business in this district.

2. Defendant Quantok Association, Inc. ("Quantok") is a British Virgin Islands company with its agent for purposes of service and jurisdiction in the United States as Ocean Blue

Management Co., LLC.("Ocean Blue"), 35, East 21st Street, 5th Floor, New York, New York 10010. Quantok has consented to this Court's jurisdiction and venue here by written contract.

3. Defendant Andrey Bokarev ("Bokarev") is a citizen and resident of Russia who has consented to this Court's jurisdiction and venue for purposes of this case in the contract described, *infra*.

4. Defendant First American Title Insurance Company ("Escrow Agent" or "First American") is qualified to do business in this jurisdiction and has voluntarily subjected itself to this Court's jurisdiction and venue by reason of its agreement to hold the deposit and funds at issue between and among the other parties.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Halle's claims under 28 U.S.C. Section 1332 and by reason of the consent of the parties to such jurisdiction. Plaintiff is a resident of Montgomery County, Maryland.

6. Defendant Quantok is incorporated in the British Virgin Islands, is present in the United States through its agent Ocean Blue Management Co., LLC with New York, New York offices, and has consented to this Court's jurisdiction and venue by written contract.

7. Defendant Bokarev has expressly consented to this Court's jurisdiction in the contract at issue herein and appeared here through his agents to negotiate and enter into the assignment and purchase contract described *infra*.

8. The amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

9. This Court has personal jurisdiction over Defendants Bokarev and Quantok by reason

of their consent and their appearance in this jurisdiction to conduct business with Halle and venue is proper in this district under 28 U.S.C. Sections 1335, 1391.

## FACTS RELATING TO THE DISPUTE

10. Plaintiff Halle entered into a Vessel Construction Contract ("Construction Contract") dated April 15, 2005, as the purchaser from Lurssen Werft GmbH & Co., KG (the "Builder"). Halle entered into a Design Contract dated July 13, 2006 (the "Design Contract") with Zuretti Interior Designers to undertake the interior design of the vessel being constructed pursuant to the Construction Contract.

11. Following extensive negotiations, on or about October 11, 2006, plaintiff Halle and defendant Bokarev entered into an agreement entitled "Agreement to Assign Vessel Construction Contract, Design Contract, and Supply Contracts" ("the Agreement") for the assignment of Halle's rights to a luxury seagoing vessel then under construction in Germany. The Agreement included allowance for Bokarev to undertake extensive modifications to be made to the vessel, named and sometimes referred to herein as "M/Y [motor yacht] Shark" (*i.e.*, a custom-made yacht) (hereinafter "the Property"). Pursuant to this Agreement, Halle agreed to assign his rights to the Property for identified consideration and Bokarev agreed to purchase the aforementioned Property for the sum of 51,033,370.00 Eurodollars ("the Purchase Price"). Per the Agreement and two amendments subsequently made thereto, which were reached between Plaintiff Halle and Defendant Bokarev, Bokarev placed an initial money deposit of 3,000,000.00 Eurodollars and, subsequently, a further deposit of 12,000,000 Eurodollars with Defendant First American for a total deposit of 15,000,000 Eurodollars (the "Deposit funds"). These monies are presently held by First American, subject to conflicting instructions from the parties. In addition to the Purchase Price, Bokarev contracted to

provide to Plaintiff Halle certain cruise rights to the use of M/Y Shark for the month of July or August 2008, which rights were worth in excess of $2,000,000.

12. In the Agreement, the closing date for sale of the Property was established as January 9, 2007, potentially extendable to February 9, 2007 upon meeting specified conditions, including payment of additional consideration as identified in the Agreement. Among the conditions of this extension was that "the foregoing right [to extend]...shall not be available if the if the Failing Party is in default as a result of its failure to deliver the Assignment Agreement or to pay the Price on the Closing Date."

13. The Agreement also contained indemnity agreements and warranties, including, but not limited to the following: a commitment that the prevailing party would be paid his attorneys fees and costs for enforcing the Agreement (Section 11(g)): an indemnity by Bokarev to "hold and save [Halle] harmless against and from any and all expenses, costs, damages, suits actions, or liabilities arising form or growing out of the failure of [Bokarev] to perform any of [his] obligations hereunder....(Section 6(c); and a right to specific performance (section 7(b)).

14. In furtherance of his agreement to assign and transfer the Property to Defendant Bokarev, Plaintiff Halle timely obtained and delivered all of the required agreements, permissions and contracts identified and required of him in the Agreement. At all material times, Halle was prepared and willing to close on the Agreement.

15. On or about November 15, 2006, Bokarev notified Halle that he, Bokarev, was "assigning to Quantok Association Inc all my right, title and interest in and to our Agreement to Assign [the Agreement] Vessel Construction Contract, Design Contract, and Supply Contracts." In doing so, Bokarev affirmed that he (Bokarev) remained jointly and severally liable with Quantok

on the Agreement.

16. On or about December 27, 2006, Halle, Bokarev, Quantok and Escrow Agent/First American entered into an agreement confirming their agreement to Bokarev's assignment of his interests to Quantok while remaining jointly and severally liable for all of his obligations and duties in the Agreement. At this time, Bokarev indicated his desire to transfer to Escrow Agent/First American the additional funds required to pay the Purchase Price set forth in the Agreement. The Deposit was, however, to be expressly differentiated form these additional funds.

17. Plaintiff Halle was prepared to close on the Agreement on January 9, 2007; however, Bokarev requested an extension of this date as it approached. In the course of their negotiations, Bokarev and Quantok made a variety of requests for changes to the interior of M/Y Shark and its electrical installations and undertook financial responsibility for these requests. The Purchase Price was updated during these negotiations to a total of 55,945,397.00 Eurodollars. As of January 9, 2007, the Deposit controlled by Escrow Agent/First American was 15,000,000 Eurodollars. Acknowledging that Halle was prepared to close and wanted to do so on January 9, 2006, Defendants Bokarev and Quantok requested and Plaintiff Halle agreed to give them an extension which was reduced to writing and executed by all parties on or about January 9, 2007 (First Amendment to Agreement to Assign Vessel Construction Contract, and Supply Contracts, "First Amendment").

18. In order to reduce disputes among the parties and to facilitate the Closing as well as the First Amendment, documents necessary for Halle to deliver to Defendants Bokarev and Quantok pursuant to the Agreement and the First Amendment were prepared, approved and signed by Halle, Lurssen and all necessary parties and, also by agreement of the parties, delivered to an escrow agent

5

(Robb R. Maass, of Alley, Maass, Rogers & Lindsay, P.A., 340 Royal Poinciana Way, Suite 321, Palm Beach, Florida 33480)) to hold until the Closing occurred. Demonstrating his ability and willingness to close, Plaintiff Halle delivered and caused Lurssen to deliver the required executed documents to this escrow agent in a timely fashion.

19. As the closing date agreed upon in the First Amendment approached, Quantok and Bokarev began negotiating for yet another time extension. Upon being offered additional consideration (rights to use the M/Y Shark for a total of two weeks in the Mediterranean Sea, valued at more than $1,000,000) and being assured by both of these defendants that they were in good faith, Plaintiff Halle reluctantly agreed upon a second extension in a document entitled "Second Amendment to Agreement to Assign Vessel Construction Contract, Design Contract, and Supply Contracts" (the "Second Amendment") on or about January 23, 2007. The Second Amendment provided that the Closing Date was to be no later than February 9, 2007. Bokarev and Quantok implicitly acknowledged that Halle was prepared to close and was in full compliance with all of his contractual commitments.

20. As February 9, 2007 approached, Quantok and Bokarev again began waffling on their agreement to close on the Property. At first, they appeared willing to provide additional consideration for a third formal extension of the Closing date under the Agreement, but negotiations broke down and defendants Quantok and Bokarev failed and refused to close on either February 2 or 9, 2007, as contractually required. Twelve days later, on February 21, 2007, an agent for Bokarev and Quantok asserted for the first time that Plaintiff Halle was not in compliance with the Agreement, as amended by the First and Second Amendments. On that same date, counsel for Plaintiff Halle notified Quantok and Bokarev that they were in default. Both parties directed the

6

Escrow Agent/First American to deliver the Deposit to their clients. Bokarev's agent attempted to terminate the Agreement.

## Count I (Breach of Contract–Bokarev and Quantok)

21. Paragraphs 1-20 are incorporated herein by reference.

22. Pursuant to the Agreement between Plaintiff Halle and Defendants Bokarev and Quantok, these defendants had a contractual obligation to pay Plaintiff Halle for the Property at the mutually agreed upon Purchase Price, including the Cruise Rights set forth in the Agreement, as modified and amplified by the subsequent First Amendment, the Second Amendment, and the consequential lost profits, out of pocket costs, expenses and lost opportunities engendered by defendants failure.

23. In fulfillment of his contractual obligations under the Agreement, Plaintiff Halle complied with all of his commitments, indemnities, promises and duties under the Agreement, and was, at all times material to the transaction, ready to close on the Property.

24. Defendant Bokarev, in material breach of the Agreement and subsequent amendments, refused to "go to closing" and pay for absolute ownership of the Property to Plaintiff Halle, choosing instead to waffle on his commitment, seek extensions and finally to make a pretextual, false claim that Halle had breached his commitments to sell and deliver the Property. Defendants Bokarev and Quantok's material breach of the Agreement was without legal justification.

25. As a proximate result of Bokarev and Quantok's material breach of the Agreement, Plaintiff Halle has suffered economic damages in excess of the Deposit funds. Accordingly, Halle

hereby terminates the Agreement pursuant to Section 7(b), "Default and Remedies" and demands that Bokarev and Quantok immediately cede and release all right, power and claim to the Deposit funds in favor of Halle.

WHEREFORE, Plaintiff Warren E. Halle demands that a joint and several judgment be entered against Defendants Bokarev and Quantok for compensatory damages in the amount of the Deposit funds plus post-judgment interest, costs, and any other relief this Court deems proper.

## COUNT II
(First American/Escrow Agent)

26. Paragraphs numbered 1-25 are incorporated herein as if fully set forth.

27. First American is the escrow agent for the parties to this action and, as such, holds the Deposit to which both Halle, as a plaintiff here, and Bokarev/Quantok, as defendants, have claimed ownership rights. It is essential that First American be included as a party to this litigation or, in the alternative, that First American pay into the Court the Deposit funds so that the ownership rights to the Deposit funds may be resolved without the possible loss of these funds from the Court's jurisdiction.

WHEREFORE, Halle demands that the Court direct First American to place the Deposit funds with the Clerk of the Court pending a final determination regarding who owns these funds.

8

## JURY DEMAND

28. Plaintiff Warren E. Halle requests that his claims be tried before a jury.

Respectfully submitted,

*Roger C. Simmons*

Roger C. Simmons, Bar No. 04363
Brian M. Maul, Bar No. 28198
Gordon & Simmons, LLC
603-B West Patrick Street
P.O. Box 430
Frederick, Maryland 21701
Phone: (301) 662-9122
Fax: (301) 698-0392
Counsel for Plaintiff Warren E. Halle

Z:\Halle complaint.pld.wpd